NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ALLEN BENSON,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CRAIG LINVILLE, as CHP Officer; KYLE ANKNEY; COUNTY OF ORANGE; TODD SPITZER; RAYMUND DIAZ, as District Attorney; DOES, 1 through 10, inclusive,<br><br>Defendants - Appellees. | No. 26-2321<br><br>D.C. No. 8:26-cv-00451-MRA-DMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Monica Ramirez Almadani, District Judge, Presiding

Submitted June 22, 2026[**]

Before:     CANBY, BENNETT, and BADE, Circuit Judges.

David Allen Benson appeals pro se from the district court's order denying

his motion for a preliminary injunction in his 42 U.S.C. § 1983 action seeking to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

enjoin the state criminal proceedings against him. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review de novo. *Bean v. Matteucci*, 986 F.3d 1128, 1132 (9th Cir. 2021) (abstention determination under *Younger v. Harris*, 401 U.S. 37 (1971)). We affirm.

The district court properly denied Benson's request for a preliminary injunction because, under the *Younger* abstention doctrine, the district court was required to abstain from interfering with Benson's pending state court criminal proceedings and Benson failed to show that an exception to *Younger* applies. *See id.* at 1133 (setting forth requirements for *Younger* abstention); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617, 621 (9th Cir. 2003) (setting forth exceptions to *Younger* abstention; a claimed constitutional violation "does not, by itself, constitute an exception to the application of *Younger* abstention").

We reject as unsupported by the record Benson's contentions of judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that judicial rulings alone rarely support an allegation of bias).

All pending motions are denied.

**AFFIRMED.**